**DUNKIN'S DIAMONDS, INC., et al.**

**Dunkin's Diamonds of Ohio, Inc.**

**Dunkin's Diamonds & Gold of Newark, Inc.**

**Dunkin's Management of Port Charlotte, Inc.**

**Chavis and Dunkin's Management, L.L.C.**

**Dunkin's Diamonds by Lenny, Inc.**

Nos. 9: 08–bk–17618–ALP, 9:08–bk–17613–ALP, 9:08–bk–17614–ALP, 9:08–bk–17615–ALP, 9:08–bk–17616–ALP, 9:08–bk–17617–ALP.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Dec. 15, 2009.

Stephen R. Leslie, Esq., Stichter, Rie-
del, Blain & Prosser, P.A., Tampa, FL, for
Debtors.

Heather L. Yonke, Esq., Genovese, Joblove & Battista, P.A., Miami, FL, for the Official Committee of Unsecured Creditors.

Richard J. Hollander, Esq., Miller and Hollander, Fort Myers, FL, for Stuart B. Dunkin.

J. Steven Wilkes, Esq., U.S. Dept. of Justice, Office of the U.S. Trustee for Region 21, Tampa, FL, for U.S. Trustee.

*FINAL ORDER ON APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF HOWARD HOFF, OF THE FIRM MARKS, PANETH & SHRON, L.L.P., AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (Doc. No. 336) AND THE OBJECTIONS TO SAME BY THE UNITED STATES TRUSTEE (Doc. No. 380) AND THE DEBTORS' PRINCIPAL, STUART DUNKIN (Doc. No. 351)*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THIS IS a confirmed Chapter 11 set of jointly administered cases and the matters under consideration by the Court in this instant final order are the applications for compensation and reimbursement of expenses of Howard Hoff, of the firm Marks, Paneth & Shron, L.L.P., as Financial Advisor for the Official Committee of Unsecured Creditors in the above captioned jointly administered chapter 11 cases. (Doc. Nos. 280, 283, 284, and 311). Also considered were this Court's interim and prior orders on compensation to Mr. Hoff, (Doc. No. 336), together with the amended objection to compensation filed by the

United States Trustee for Region 21, (Doc. No. 380 amending 359), and the motion to alter or amend the prior orders of compensation filed by the Debtors' principal Mr. Stuart Dunkin. (Doc. No. 351). Upon conclusion of the hearing conducted on September 1, 2009, this Court took the matters under advisement, and now finds and concludes the following.

### Statement of the Case

On November 6, 2008, the debtors filed petitions under Chapter 11 of Title 11, United States Code. This Court subsequently ordered that the chapter 11 cases to be jointly administered, and on August 5, 2009, a Joint Plan of Reorganization was confirmed.

With regards to the Compensation Applications of Mr. Hoff, this Court approved his employment as financial advisor for the Official Unsecured Creditors Committee, on April 30, 2009, retroactive to February 27, 2009. Mr. Hoff has filed an interim fee application, an amendment thereto and two supplemental seeking compensation of fees in the amount of $32,287.50, with no expenses to be reimbursed.

### Jurisdiction

The applications and objections filed against them and the compensation orders all constitute a contested matter and are a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O); 11 U.S.C. §§ 330 and 331; Fed. R. Bankr.P.2016, 9013, and 9014. This Court has jurisdiction to hear, determine, and enter appropriate orders under 28 U.S.C. §§ 157, 1334.

### Discussion

A review of professional fees begins with the statutory framework for approval of a professional's employment. This Court

approved the employment of Mr. Hoff under Section 1103(a) which authorizes the Committee to employ professionals, with this Court's approval, "to represent or perform services for such committee." No party has objected to the employment of Mr. Hoff and this Court is satisfied that the approval of his employment need not be revisited.

Neither at the application to employ Mr. Hoff nor at his application for compensation, has any party in interest objected to Mr. Hoff's hourly rate or the hourly rates of those in his firm. By his verified statement under Rule 2014, Mr. Hoff's hourly rate is $450 and the hourly rate for the primary associate in his firm that billed time in this case, Ms. Palma Ventura–Riggio, is $255. Without objection, this Court finds under the facts and circumstances of this case that Mr. Hoff's hourly rates charged by his firm in this case are reasonable.

Procedurally, Mr. Hoff has not filed a Final Fee Application. Rather, Mr. Hoff filed his First Interim Application, (Doc. No. 280), on June 16, 2009, and subsequently amended that application on June 18, 2009. (Doc. No. 284). That application was contemporaneously supplemented on June 18, 2009, (Doc. No. 283), and again on June 30, 2009. (Doc. No. 311). The U.S. Trustee objected to the timing of these multiple interim fee applications.

In resolution of the U.S. Trustee's objection to the timing of Mr. Hoff's compensation applications, the U.S. Trustee and Mr. Hoff arrived at a consensus to treat them all together as a final fee application governed by Section 330(a), title 11, United States Code. One reason for obtaining this consensus is that the Applicant, Mr. Hoff, agreed not to seek further professional fees for services provided to the Official Committee after June 30, 2009. It is unclear whether Mr. Hoff provided any additional services to the Committee after June 30, 2009. However, the concession made by Mr. Hoff and the U.S. Trustee, to treat all of the compensation applications as a final application under Section 330, do accomplish the goal of bringing finality and an adjudication under Section 330. This Court thereby finds and concludes that Mr. Hoff's application, as amended, (and its supplemental), are to be considered together a final fee application under Section 330(a).

Mr. Dunkin, objects to Mr. Hoff's application, and raises allegations of multiple attendees at a meeting, property searches conducted on Mr. Dunkin's personal holdings, and an alleged fee cap of $19,000. In total, Mr. Dunkin objects to $13,854 in professional fees by Mr. Hoff's firm. The U.S. Trustee likewise raises objections to Mr. Hoff's fee applications on grounds of lumping of time entries, insufficient task detail, and/or basis for having multiple attendees at meetings. The U.S. Trustee and Mr. Hoff arrived at a proposed settlement of the U.S. Trustee's objections to compensable time. Mr. Hoff has agreed to reduce his overall professional compensation request by 10% or $3,228.75.

In accordance with Fed. R. Bankr.P. 2016, the applicant is required to provide sufficient detail. The U.S. Trustee has the statutory obligation to "review, in accordance with procedural guidelines.., applications filed for compensation and reimbursement under section 330 of title 11." 28 U.S.C. § 586(a)(3)(A)(I). In furtherance of that mandate, the Executive Office of the United States Trustee promulgated in 1994 the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11*

*U.S.C. § 330.* 61 F.R. 24890, May 17, 1994. These guidelines were not written in a vacuum, but rather on a foundation of case law spanning both the Bankruptcy Act and Code.

Mr. Dunkin and the U.S. Trustee both objected to multiple attendees at a meeting for the Committee. The meeting in question appears to be the initial formation meeting of the Committee. Mr. Dunkin asserts that financial advisors were not required for this meeting and seeks time entries disallowed from both Mr. Hoff and Ms. Ventura–Riggio. The U.S. Trustee did not seek disallowance for either of the time entries. As financial advisors to the Committee, it would be reasonable to see an advisor present for any in-depth meeting to address financial concerns of the Committee and get the Committee's input and directions on how the advisor should proceed in the case on behalf of the Committee. The central objection goes to duplicity of work. The agreement reached between the U.S. Trustee and Mr. Hoff reasonably addresses that duplication of service.

Mr. Dunkin also objects to Mr. Hoff conducting property searches on the principal of the Debtors, Mr. Dunkin and asserts that Mr. Dunkin's personal holdings are not relevant to the business bankruptcy. Mr. Dunkin's assertion is not supported by the chapter 11 confirmed plan. The joint chapter 11 plan, as confirmed by this Court, contemplates an injection of cash into the Debtors by Mr. Dunkin in the amount of no less than $100,000 to occur by December 2009. This injection of cash is intended to fund the initial distribution to allowed claims of the General Unsecured Creditors. This injection of cash also was not initially contemplated by the Debtors and their principal at the outset of negotiating a plan of reorganization with the joint Debtors' creditors. It appears reasonable that the Committee would ask its financial advisor to investigate and advise whether the jointly administered Debtors' new plan provision is sound.

Additionally, Mr. Dunkin objects to Mr. Hoff's fees that are in excess of an alleged fee cap of $19,000. Mr. Dunkin included correspondence apparently between Mr. Hoff and New York counsel to the Official Committee, Mr. Winters. By the alleged correspondence, Mr. Hoff may have projected a range of professional costs, but also may have capped his work at $19,000. Putting evidentiary issues aside, at this time, the alleged correspondence occurred two weeks prior to the time period Mr. Hoff's employment was retroactively approved by this Court. This Court approved Mr. Hoff under Section 1103 and the order approving Mr. Hoff's employment did not state any findings under Section 328 establishing a limitation or cap on compensation. Because of the changes and complexities in the structure of the cases over time, this Court need not consider the alleged correspondence in conducting its review under Section 330 at this time in the case. Under the facts of this case, this Court concludes that the agreement reached between the U.S. Trustee and Mr. Hoff is reasonable and addresses the concerns raised by not only Mr. Dunkin, but also by this Court. However, that does not completely resolve the professional compensation matter.

This Court also must review professional compensation to determine the impact upon, and what is in the best interests of, the creditors and the bankruptcy estate. Mr. Dunkin owns the interests in

the jointly administered debtors. His interests are provided for under Class 10 of the confirmed plan. Had this Court awarded Mr. Hoff 100% of his compensation, that compensation would have been paid in full under Article 2 of the confirmed plan prior to Mr. Dunkin receiving any distribution. As this Court has found and concluded that Mr. Hoff's professional compensation is due to be re-cut; this Court finds and concludes that the reduction in professional compensation allowed to Mr. Hoff is to inure to the benefit of the General Unsecured Creditors.

Accordingly, it is

ORDERED, ADJUDGED, AND DE-CREED that the Motion to Alter or Amend Order Granting Amended First Supplement Application of Howard Hoff, (Doc. No. 351), filed by the party in interest, the Debtors' Principal, Stuart Dunkin, be and is hereby SUSTAINED in part and denied in part. It is further

ORDERED, ADJUDGED, AND DE-CREED that the Omnibus Objection filed by the United States Trustee, as amended, (Doc. Nos. 380 amending 359), to the extent of the objections raised to the Applications and interim compensation of Howard Hoff, be and is hereby SUSTAINED. It is further

ORDERED, ADJUDGED, AND DE-CREED, that the First Interim Order Allowing Compensation to Howard Hoff, entered under Section 331 by this Court, (Doc. No. 336), be and is hereby AMEND-ED and SUPERCEDED by this Final Order. It is further

ORDERED, ADJUDGED, AND DE-CREED that in accordance with 11 U.S.C. § 330, the Applications of Howard Hoff, of the firm Marks, Paneth & Shron, L.L.P., as financial advisor to the Official Commit-tee of Unsecured Creditors be and are hereby finally APPROVED in the following total amounts:

(A) Professional Fees—$29,058.75 for reasonable professional services rendered from February 27, 2009 to the entry date of this order; and

(B) Expenses—$0.00 for the reasonable and necessary expenses incurred in provided the professional services stated above.

It is further

ORDERED, ADJUDGED, AND DE-CREED that the reduction in compensation, totaling $3,228.75 shall be paid in addition to the "Debtor shall fund an initial sum of $100,000 in December 2009," (Plan 4.9.2), and shall be disbursed to Class 8 General Unsecured Claims in accordance with the first Distribution Date contemplated in the Plan to Class 8 claimants. (Plan 4.9.2).